UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  CHAPTER 13 PLAN

William J. Soden

Dated: July 10, 2009
    DEBTOR  Case No.

In a joint case, debtor means debtors in this plan.

1. DEBTOR'S PAYMENTS TO TRUSTEE —
a. As of the date of this plan, the debtor has paid the trustee $ 0
b. After the date of this plan, the debtor will pay the trustee $250.00 per month for 36 months, beginning within 30 days after the order for relief for a total of $9,000.00 The minimum plan length is X 36 or 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee $ 0
d. The debtor will pay the trustee a total of $ 9,000.00 [line 1(a) + line 1(b) + line 1(c)].

2. PAYMENTS BY TRUSTEE — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $900.00, [line 1(d) x .10].

3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. none | | | |

4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. none | |

5. CLAIMS NOT IN DEFAULT – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. Aurora Loan Services | first mortgage on home |

6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

a. none        $                                                                $

7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)] — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate

a.   none        $                $                                             $

8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | claim | secured claim | int. rate | begin-ning in month # | monthly payments | number of on account of claim . | + | adequate protection payments from ¶ 3 | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. Nat City Mortgage (2nd Mort--no value) | $48,309.95 | 0 | 0 | 0 | 0 | 0 | | 0 | | $0 |

9. PRIORITY CLAIMS.  The trustee will pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $2,349.00 | $150.00 | 1 | 16 | $ 2,349.00 |

| | | | |
|---|---|---|---|
| b. Domestic support | $ 0 | | $ |
| c. IRS | $ 0 | | $ |
| d. MN Dept. of Rev. | $ 0 | | $ |
| e. | | | $ |
| f. | | Total: | $ 2,349.00 |

10. SEPARATE CLASSES OF UNSECURED CREDITORS — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:     none
The trustee will pay the allowed claims of the following creditors. All entries below are estimates.

a.  None.

11. TIMELY FILED UNSECURED CREDITORS — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 5,751.00 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are  $48,309.95.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $66,200.12.
c. Total estimated unsecured claims are $114,509.95   [line 11(a) + line 11(b)].

12. TARDILY-FILED UNSECURED CREDITORS — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.  As to the claims dealt with in paragraphs 5, 6, 7 and 8, in the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, discharged by the discharge granted pursuant to 11 USC 1328.  For the tax year 2009, a proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted pursuant to 11 USC Section 1305.  Other than said tax claims, the debtor will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims.  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments as set out in the note and mortgage; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).  The holders and/or servicers of claims secured by liens on real property may send payment coupons to the debtor.  The plan filed by

the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

The claim of National City Bank is included in the unsecured non-priority class of claims described in paragraph 11a, supra., notwithstanding the mortgage in favor of National City Bank recorded in the office of the County Recorder, Wright County, Minnesota on May 6, 2006 as document 1011425 against Debtors' residential real property legally described as Lot 11, Block 2, Willow Creek Estates, Wright County, MInnesota.  Confirmation of this plan without objection by the holder of said mortgage, or over the objection of said holder, shall constitute an acknowledgement and acceptance that there is no equity in the Debtors' residential real property, over and above the first mortgage recorded as document 939393, to which the lien of the second mortgage can attach.   The order confirming the plan shall constitute a finding by the bankruptcy court that the claim of the holder of said mortgage is wholly unsecured.  Said residential real property shall vest in the debtor free and clear of said second mortgage upon completion of all payments due to the trustee under the plan.  The holder of said mortgage shall execute and deliver to the debtor a recordable satisfaction of mortgage releasing said property from said second mortgage within 20 days after the trustee's final report to the court showing completion of the plan.  If the holder of said mortgage fails to do so, debtor may obtain an order and judgment voiding the second mortgage

14. SUMMARY OF PAYMENTS —

Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   900.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . $   0
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   0
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . $   0
Other Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,349.00
Separate Classes [Line 10(c)] . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . $   0
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 5,751.00
TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . .      $ 9,000.00

Name, Address, Telephone
and License Number of Debtor's Attorney:

Sam V. Calvert #1431X                               Signed:    William J. Soden /e/
1011 2nd ST N Ste 107                                              Debtor
St Cloud MN 56303
320-252-4473